PETITION FOR RE-HEARING, BY
ISHAM TALBOT, ESQ,
The undersigned, counsel for the petitioners, the heirs of Charles Smith, feels himself impelled by the strongest sense of professional duty, resulting as well from the convictions of his own mind in'relation to the point on which an absolute dismission of the bill of- the comr plainant in the court below is awarded; as of the pernicious consequences of this.decision, disastrous and ruinous to his client, to solicit, most respectfully, but most earnestly, a re-hearing of the cause, on the point- on which the cause has gone off, it being one which was not even touched-on or alluded.to in the very7 elaborate argument in the court below7, and wholly unanticipated by the undersigned, who had:.no notice whatever of the points which would.be relied on by his adversary in this court.
The ground relied'on-by this honorable court,„ in the opinion delivered, directing an unconditional dismission of the complainant’s bill, is the. omission, -on the part of the complainant, to exhibit, in support of. his title, derived under» a. deed of conveyance from the sheriffof Bourbon county, in pursuance of a previous sale in vir-r tue of an execution from the circuit court of. the said county, of the premises in question, at-which Nathan Smith became the purchaser, and.whosold and.conveyed the right thus acquired by him, .to the complainant, the judgment on which the execution issued, though copies of- an execution of fieri facias, with a venditioni exponas, in virtue of which the sale was effected, with the due and proper returns on .those executions, with the sheriff’s deed of conveyance in due and proper form, and with alj legal requisites, are d„u!y filed and exhibit* ed in the record.
*156 The court assume, without the employment of sny argument in support of the position assumed as the basis of this decision, the necessity of producing a copy of the judgment in virtue of which the execution issued, as settled by repeated adjudications of their-owd, on the point in question. As these adjudications were not referred to by name or otherwise, the under.signed had recourse to an examination of the printed reports of their decisions; hut, from the shortness of time he was able to devote to this subject, tie had not the fortune to find any case in which the court have gone into any course of reasoning or argument in support of this position.
The doctrine in relation to this point seems to the counsel for the petitioners to have been settled in the case of Searcy’s heirs and Reardon, reported in 2 Bibb 203, directly opposite to that laid down in the present case, it being there stated, that “ (he deed which makes a part of the special verdict, contains every material requisite required by lav/, it is indented, sealed and recorded; it recites the execution, purchase and consideration; these arc all the, law requires, to transfer the interest of the debtor.”
This decision, and the principle il recognises, that, the sheriff’s deed, containing the proper recitals of the execution and sale in conformity with the legal requisites of due advertisement, &c. is all that the law re-requires, to transfer the interest of the debtor the purchaser, who is supposed to be a stranger to the judgment, not presumed to be acquainted with the judgment, oreompetent to judge of its binding or legal, efficacy, would seem to he. conclusive of, the point, and to be in strict accordance with the rules of evidence, as established and sanctioned by, the principles and adjudications of the British courts, in cases which, although not resembling the present in circumstances, have the Strongest analogy in principle, to the present. By those adjudications it seems to be well settled, that an officer justifying under a writ or execution, is hound to show 'his writ or execution, and that is his complete justification; but that the plaintiff in a former action, he being party to, and of consequence conusani thereof, and responsible for its correctness, must justify by showing not only the writ or execution, bu.t the judgment also.
*157 ijy analogy, it would scern that the purchaser <ff property at sheriff’s sale, shoiild not be compelled to look beyond the execution, which, being the authority of the sheriff to sell, and the sale, when lawfully made by tile proper functionary of the government, being the foundation of the sheriff’s deed, such deed should constitute sufficient evidence, prima facie, of the investiture of title in the purchaser. And although it may be plausibly contended, that such evidence of title ought iio'vtobe conclusive, as regards the interest of strangers to such executions, surely there is convenience and propriety in giving to such execution and sheriff’s conveyance the force and efficacy of prima facie evidence of title in the purchasei, reserving the right of strangers to the proceeding to show that the judgment on which the execution may have emanated, was< a liffllity.
in harmony with the principle here contended for, cue the decisions of this court in relation to the effect and operation of the deeds of the register and sheriffs to the purchasers of land exposed to sale and purchased for the revenue taxes to. the government. These deeds have been repeatedly determined by this court to be not only prima facie, but sufficient evidence, of themselves, of title in the purchaser, to recover the premises in ejectment; and that the ¡various and complicated provisions with regard to advertising and exposing lauds for sale under the various provisions of the laws by which these sales are regulated, shall all bo. presumed to have been complied with, until the contrary be shown in evidence by the person assailing their validity'.
If a principle so just as this, has, in the benevolence «fits application, been rendered subservient to speculations, so odiou^and so much abhorred, as most of these purchases have been stigmatised to bo, how much more forcible should be the call, in a case like the present, where the interests of creditor, debtor and purchaser all require that the interest to be acquired un-. dor such sale should be protected and secured by the application of all the sanctions the law can furnish, as their application, by creating confidence in such purchases, and thereby'creating competition, must greatly subserve the interest of even the debtor himself.
December 16.
These few bdef considerations^ which, fon want of ^me an^ better means of preparation and research, are-extremely imperfect, it is hoped, will indace jiour honors to grant the-counsel for the petitioners an opportunity of discussing this question, the decision of which was so mortifying, from its being so little anticipated, and which, if it should be permitted to stand ■unaltered, is so ruinous in its consequences.
The court, on consideration, overruled the petition^, and the opinion stands unaltered?.